IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| ENDOTACH LLC<br><br>Plaintiff,<br><br>v.<br><br>COOK MEDICAL INCORPORATED,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ENDOTACH LLC files this Original Complaint against Defendant COOK MEDICAL INCORPORATED, alleging as follows:

### I. THE PARTIES

1. Plaintiff ENDOTACH LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75304.

2. Upon information and belief, Defendant COOK MEDICAL INCORPORATED ("Defendant") is an Indiana corporation with a principal place of business at 1025 West Acuff Road, Bloomington, IN 47403. Defendant may be served with process through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant is subject to personal jurisdiction by this Court. Defendant has committed such purposeful acts and/or transactions in the State of Florida that it reasonably knew and/or expected that it could be haled into a Florida court as a future consequence of such activity. Defendant makes, uses, and/or sells infringing products within the Northern District of Florida, has a continuing presence within the Northern District of Florida, and has the requisite minimum contacts with the Northern District of Florida such that this venue is a fair and reasonable one. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of Florida.

5. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. PATENTS-IN-SUIT

6. On June 16, 1992, United States Patent No. 5,122,154 ("the '154 Patent") was duly and legally issued to Dr. Valentine J. Rhodes ("Dr. Rhodes") for an "Endovascular Bypass Graft." A true and correct copy of the '154 Patent is attached hereto as Exhibit "A" and made a part hereof.

7. On January 14, 1997, United States Patent No. 5,593,417 ("the '417 Patent") was duly and legally issued to Dr. Rhodes for an "Intravascular Stent with Secure Mounting

Means." A true and correct copy of the '417 Patent is attached hereto as Exhibit "B" and made a part hereof.

8. The '154 Patent and the '417 Patent are sometimes referred to herein collectively as the "Patents-in-Suit."

9. Dr. Rhodes was an award-winning surgeon who practiced in the field of vascular medicine for over thirty years, serving as Chief of Vascular Services at Point Pleasant Hospital and Brick Hospital (now Ocean Medical Center) in Brick, New Jersey. Dr. Rhodes was prominently involved in the field of vascular medicine, demonstrated by several patents related to vascular devices for which he is the named inventor as well as numerous medical publications regarding advances in medical procedures he developed. His innovative work was recognized by the State of New Jersey, which awarded him a certificate of Pioneer in Medicine.

10. During the late 1980s and early 1990s, Dr. Rhodes invented and developed several improvements in vascular graft technology, including those described in the Patents-in-Suit. In or around 1996, Dr. Rhodes was forced to retire due to a terminal illness. He relocated to Santa Rosa Beach, Florida where he voluntarily treated patients who were without insurance and pursued a number of civic activities, including the establishment of a library in the area. After a prolonged fight with the illness that cost him the entirety of his life savings, Dr. Rhodes passed away in 2000. After his passing, the Patents-in-Suit were left to his wife, Brenda Rhodes ("Mrs. Rhodes"), upon probate of his estate in Walton County, Florida.

11. Plaintiff is the exclusive licensee of the Patents-in-Suit. Mrs. Rhodes, who resides in Santa Rosa Beach, Florida, remains the legal owner of the Patents-in-Suit while Plaintiff is the owner of all substantial rights in and to the Patents-in-Suit, including the exclusive right to make, have made, use, import, offer or sell products covered by the Patents-in-Suit, to enforce the Patents-in-Suit against all infringers, and to collect past, present and future damages and seek and obtain injunctive or any other relief for infringement of the Patents-in-Suit.

12. As it pertains to this lawsuit, the Patents-in-Suit, generally speaking, relate to an endovascular graft for revascularization of aneurysms or stenosis occurring in blood vessels which includes anchoring projections to aid in securing the graft in place within the blood vessel.

## IV. FIRST CLAIM FOR RELIEF

### (Patent Infringement)

13. Plaintiff repeats and realleges every allegation set forth above.

14. Upon information and belief, and without authority, consent, right, or license, and in direct infringement of the Patents-in-Suit, Defendant manufactures, makes, has made, uses, markets, sells and/or imports products that infringe one or more claims in the '154 and '417 Patents. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. § 271(a).

15. Defendant has directly infringed, and continues to infringe, at least claims 1, 14 and 15 of the '154 Patent by its manufacture, use, sale, offer for sale and/or importation of the Zenith Flex® AAA Endovascular Graft ("Flex"), Zenith® TX2® TAA Endovascular

Graft ("TX2"), Zenith Renu® AAA Ancillary Graft, and Zenith® Spiral-Z™ AAA Iliac Leg Graft.

16. Defendant has directly infringed, and continues to infringe, at least claims 1, 2, 4, 6, 7, 9, 10 of the '417 Patent by its manufacture, use, sale, offer for sale and/or importation of the Zenith Flex® AAA Endovascular Graft ("Flex"), Zenith® TX2® TAA Endovascular Graft ("TX2"), and Zenith Renu® AAA Ancillary Graft.

17. Defendant has knowledge of the Patents-in-Suit at least as early as the filing of this Complaint.

18. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Upon information and belief, Defendant will continue its infringement of the Patents-in-Suit unless enjoined by the Court. Defendant's infringing conducts have caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

20. Plaintiff reserves the right to assert additional claims of the Patents-in-Suit.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent Nos. 5,122,154 and 5,593,417 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent Nos. 5,122,154 and 5,593,417; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: June 20, 2012.**  Respectfully submitted,

/s/ _____
R. Todd Harris
FL State Bar No. 651931
MCDONALD, FLEMING, MOORHEAD,
FERGUSON, GREEN & DE KOZAN,
LLP
25 West Government Street
Pensacola, Florida 325025813


Phone: (850) 477-0660
Fax: (850) 477-4510
rtharris@pensacolalaw.com

Jonathan T. Suder
TX State Bar No. 19463350
Brett Pinkus
TX State Bar No. 24076625
Glenn S. Orman
TX State Bar No. 24074838
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Phone: (817) 334-0400
Fax: (817) 334-0401
jts@fsclaw.com
pinkus@fsclaw.com
orman@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

n:\clients\mj\endotach\cook\pleadings\complaint.doc